UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

State Court Case No. CACE 18010138

LUIS GONZALEZ,

      Plaintiff,


UNITED STATES CENTER FOR SAFESPORT,
AND USA TAEKWONDO, INC.,

      Defendants.

## NOTICE OF REMOVAL BY U.S. CENTER FOR SAFESPORT ("CENTER") and USA TAEKWONDO, INC. ("USAT")

Introduction

1.     The state court complaint is Exhibit 1, the state court docket is Exhibit 2, and all other state court process, pleadings, and orders are Composite Exhibit 3.

2.     The state lawsuit challenges an eligibility ruling by the United States Center for SafeSport (Center), which Congress empowered in 2018 legislation to "serve as the independent national safe sport organization and be recognized worldwide as the independent national safe sport organization for the United States." 36 U.S.C. § 220541(a)(1).

3.     Among the Center's responsibilities under this federal legislation and under designation by the U.S. Olympic Committee (USOC) is to "exercise jurisdiction" over the USOC and each USOC national governing body (NGB)—such as USA Taekwondo, Inc. (USAT)—"with regard to safeguarding amateur athletes against abuse, including emotional, physical, and sexual abuse, in sports." *Id.* § (a)(2).

4. This lawsuit is removed under 28 U.S.C. § 1441(a) to federal court (where it ultimately should be dismissed) on three independent grounds: (a) there is federal question jurisdiction under 28 U.S.C. § 1331; (b) removal is available under 36 U.S.C. § 220505(b)(9); and (c) there is diversity jurisdiction under 28 U.S.C. § 1332.

Parties

5. Plaintiff Luis Gonzalez, a Florida resident and USAT member, was suspended by the Center for ten years for having engaged in an improper romantic and sexual relationship with a young athlete he was coaching.

6. Defendant Center is a Colorado nonprofit organization with its principal place of business in Colorado.

7. Defendant USAT, the USOC-designated NGB for the amateur sport of taekwondo, is a Colorado corporation with its principal place of business in Colorado.

Jurisdiction, Venue and Timeliness of Removal

8. First, there is federal question jurisdiction under 28 U.S.C. § 1331 where federal law "wholly displaces the state-law cause of action through complete pre-emption," *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003), and federal law here completely preempts state law claims relating to amateur athletic eligibility determinations. *See Slaney v. Int'l Amateur Ath. Fed.*, 244 F.3d 580, 595-96 (7th Cir. 2001); *Pliuskaitas v. USA Swimming, Inc.*, 243 F. Supp. 3d 1217, 1223-27 (D. Ut. 2017), *aff'd on other grounds*, 720 F. App'x 481 (10th Cir 2018); *Graham v. U.S. Anti-Doping Agency*, No. 5:10-CV-194-F, 2011 WL 1261321, at *6 (E.D.N.C. Mar. 31, 2011); *Lee v. U.S. Taekwondo Union*, 331 F. Supp. 2d 1252, 1257 (D. Haw. 2004).

9. Second, this case is removable under 36 U.S.C. § 220505(b)(9) (USOC allowed to remove to federal district court any action "solely relating to the [USOC's] responsibilities under this Act") because the Center is: (a) empowered by Congress to "exercise jurisdiction" over the USOC "with regard to safeguarding amateur athletes against abuse, including emotional, physical, and sexual abuse, in sports," 36 U.S.C. § 220541(a)(2); and (b) "designated" by USOC in USOC Bylaw Sections 8.7 and 9.12) to investigate and resolve safe sport violations. *See Pliuskaitas*, 243 F. Supp. 3d at 1224 ("the Sports Act specifically provides that the USOC (and thus its NGBs like USA Swimming) may sue and be sued in federal court"); *USOC v. Ruckman*, Nos. 09-4618 (FLW) & 10-1252 (FLW), 2010 WL 2179527, at *7 (D.N.J. May 28, 2010) ("Arguably, such language would extend to actions removed by a national governing body such as U.S. Rowing.").

10. Third, there is diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, given the economic effect of the ten-year suspension on Plaintiff's right to conduct for-profit coaching activities involving USAT members.

11. Venue is proper in this District under 28 U.S.C. §§ 89, 1391, 1441(a), and 1446(a) and 36 U.S.C. § 220505(b)(9) because the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, where the Complaint was filed, is a state court within the Southern District of Florida.

12. This Notice of Removal is timely, as the Complaint was filed on May 2, 2018, and served on Defendants on May 7, 2018. *See* 28 U.S.C. § 1446(b)(1).

13. As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served upon counsel for Plaintiff, and Defendants are filing a copy of this Notice of

Removal with the Clerk of Court for the 17th Judicial Circuit in and for Broward County, Florida. Moreover, pursuant to 28 U.S.C. § 1446(b)(2)(A), this Notice of Removal is brought jointly by both Defendants in this action.

Conclusion and Prayer

14.     Defendants respectfully request that this Court: (a) accept removal of this case from state to federal court; (b) rule that the state claims are completely preempted by federal law; (c) dismiss the lawsuit with prejudice for lack of subject matter jurisdiction and failure to state a claim; and (d) grant such further relief, including attorney's fees and costs, as may be just and warranted.

Respectfully submitted,

  /s/Kevin P. McCoy

Kevin P. McCoy (FBN 0036225)
Gregory A. Gidus (FBN 105930)
**CARLTON FIELDS JORDEN BURT, P.A.**
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL  33607
Telephone:  (813) 223-7000
Facsimile:   (813) 229-4133
kmccoy@carltonfields.com (primary)
ggidus@carltonfields.com  (primary)
lfuller@carltonfields.com (secondary)
tpaecf@cfdom.net (secondary)
 *Attorney for Defendants*

-and-

Joe Zonies
(*Pro Hac Vice* Motion Forthcoming)
Zonies Law LLC
1700 Lincoln St., Suite 2400
Denver, CO  80203
Telephone:  (720) 464-5300
Facsimile:  (720) 961-9252
jzonies@zonieslaw.com

*Attorney for United States Center for
SafeSport*

-and-

Stephen A. Hess
(*Pro Hav Vice* Motion Forthcoming)
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: 303.299.8479
Fax: 719.635.4576
shess@shermanhoward.com
*Attorney for USA Taekwondo, Inc.*

## CERTIFICATE OF SERVICE

I CERTIFY that on May 25, 2018, a true and correct copy of the foregoing was mailed

to:

Andrew Polenberg
John Polenberg
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
apolenberg@beckerlawyers.com
jpolenberg@beckerlawyers.com
TFritz@beckerlawyers.com

*/s/  Kevin P. McCoy*
Kevin P. McCoy (FBN 0036225)