# EXHIBIT 1

Filing # 71590276 E-Filed 05/02/2018 04:11:58 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Luis Gonzalez,

    Plaintiff,

v.

Case No.:

United States Center for SafeSport, a Colorado
Nonprofit Corporation, and USA Taekwondo, Inc.,
a Colorado Nonprofit Corporation,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

The plaintiff, Luis Gonzalez ("Gonzalez"), sues the defendants, United States Center for SafeSport ("SafeSport"), a Colorado nonprofit corporation, and USA Taekwondo, Inc. ("USAT"), a Colorado nonprofit corporation, and in support thereof, states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Luis Gonzalez is a resident of Broward County, Florida, and is otherwise *sui juris*.

2. SafeSport is a Colorado nonprofit corporation with principal place of business in Denver, Colorado.

3. SafeSport offers training, resources, consultation, and disciplinary proceedings to its members in myriad sports.

4. USAT is a Colorado nonprofit corporation with principal place of business in Colorado Springs, Colorado. At least twelve martial arts academies in Florida are registered with USAT.

5. Several of the academies registered with USAT display the USAT logo on their websites.

6. USAT adopted and complies with SafeSport's policies, and has implemented SafeSport's policies and procedures for its members.

7. Since USAT adopted SafeSport's policies, SafeSport's policies are in effect in at least twelve martial arts academies in Florida.

8. SafeSport's website links to USAT's suspension list.

9. Both SafeSport and USAT operate internet websites accessible throughout the United States, including the State of Florida.

10. Both SafeSport and USAT allow membership throughout the United States, including the State of Florida.

11. In investigating Gonzalez, SafeSport investigators came to Florida to question witnesses and Gonzalez.

12. Venue is proper in this Court because a substantial portion of the acts giving rise to this action took place in Broward County, Florida.

## FACTUAL BACKGROUND

1. In or about January 2012, Gonzalez opened Limitless Martial Arts and Fitness ("Limitless"), a Taekwondo academy.

2. Nicole Pulley ("Pulley") was one of Gonzalez's students at the time he opened Limitless, and remains one of his students.

3. On or about March 7, 2017, SafeSport received an anonymous complaint that Gonzalez engaged in behavior in violation of the SafeSport code of conduct.

4. SafeSport began an investigation into Gonzalez's conduct in connection with the anonymous complaint.

5. Gonzalez was not informed he was being investigated until September 25, 2017.

6. Sometime around December 2016, Gonzalez and Pulley found themselves sharing more time together.

7. At that time, Pulley was seventeen years old.

8. Gonzalez spoke with Pulley's mother, Donna Messina ("Messina") concerning the developing relationship.

9. Messina acknowledged there was no intimacy or sexual contact between Gonzalez and Pulley before she turned eighteen.

10. Messina consented to Pulley's relationship with Gonzalez before turning eighteen, and expressed her trust in Gonzalez.

11. Messina stated she would have reported Gonzalez to law enforcement if he engaged in sexual contact with Pulley before she turned eighteen.

12. On or about February 10, 2018, SafeSport submitted its Report and Findings and emailed same to Gonzalez at an inactive email address.

13. Gonzalez was subsequently not informed of the Report until February 26, 2018.

14. SafeSport concluded Gonzalez violated SafeSport's Code of Conduct because he was in a relationship with Pulley, shared a hotel room with her, and massaged her.

15. SafeSport suspended Gonzalez from coaching for 10 years, prohibiting him from participating, in any capacity, in any activity or competition authorized by, organized by, or under the auspices of the U.S. Olympic Committee.

16. SafeSport further concluded after his suspension, Gonzalez would be placed on five years of probation, and would be required to attend education and counseling programs.

17. USAT is affiliated with SafeSport, and USAT suspended Gonzalez as a coach.

18. USAT listed Gonzalez's status as coach as suspended.

19. On or about March 1, 2018, Gonzalez requested all documents relating to this matter from SafeSport.

20. On or about March 1, 2018, SafeSport sent its Notice of Decision and Report and Findings to undersigned counsel.

21. The Notice of Decision includes instruction for appeal of the decision by arbitration.

22. On or about March 2, 2018, Gonzalez requested the executed acceptance of SafeSport's Code of Conduct and the Code of Conduct as accepted.

23. On or about March 5, 2018, SafeSport sent a link to its Code of Conduct on its website, but not Gonzalez's acceptance of the Code.

24. On or about March 5, 2018, Gonzalez again requested the executed acceptance of SafeSport's Code of Conduct with the provision purporting to bind the parties to arbitration.

25. On or about March 5, 2018, SafeSport responded it is "unaware of any documents executed by [Gonzalez] regarding arbitration . . . nor do we believe such documents are necessary."

26. SafeSport has not produced any executed agreement to arbitrate.

27. In the Notice of Decision, SafeSport indicated Gonzalez could request an arbitration hearing by sending a request to SafeSport.

28. The Notice of Decision states that, upon receiving a request for arbitration, SafeSport will initiate the arbitration proceeding.

29. On or about March 7, 2018, pursuant to the Notice of Decision, Gonzalez requested an arbitration hearing from SafeSport.

30. In response, and contrary to SafeSport's Notice of Decision, SafeSport gave Gonzalez directions for initiating arbitration, and did not initiate the arbitration.

## COUNT I – Declaratory Judgment

31. Gonzalez incorporates paragraphs 1 through 30 as thought fully stated herein.

32. A dispute has arisen between the parties concerning the validity, findings, conclusions, results, and consequences of the investigation and report SafeSport prepared.

33. A dispute has arisen between the parties concerning whether Gonzalez's suspension is valid and warranted.

34. A dispute has arisen between the parties concerning whether an agreement to arbitrate exists.

35. There is a bona fide, actual, present, and practicable dispute between the parties, and, thus, a need for declaration with respect to the issues alleged herein.

36. The plaintiff is in doubt as to his rights, status, powers, or privilege with respect to the existence of an arbitration agreement, the validity, findings, conclusions, and results of SafeSport's investigation, and the validity of the suspension.

37. The relief sought is not merely the giving of legal advice, but is sought to declare the rights of the parties under the law and documents as described herein.

38. The dispute requires this Court to declare the parties' rights with respect to the existence of an arbitration agreement, the validity, findings, conclusions, and results of SafeSport's investigation, and the validity of the suspension.

39. There is a justiciable question as to the existence of the parties' rights, status, powers or privileges, or as to the facts upon which the existence of such rights, status, powers or privileges do or may depend.

WHEREFORE, the plaintiff, Luis Gonzalez, demands judgment in his favor and against the defendants, United States Center for SafeSport and USA Taekwondo, Inc., and requests the

Court declare (1) there is no arbitration agreement, (2) Gonzalez is not bound by SafeSport's Code of Conduct, and/or (3) Gonzalez did not violate SafeSport's Code of Conduct.

**BECKER**
*Attorneys for Plaintiff*
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone: (954) 987-7550
Facsimile: (954) 985-4176
Primary: APolenberg@beckerlawers.com
Primary: JPolenberg@beckerlawyers.com
Secondary: TFritz@beckerlawyers.com

By: */s/ Andrew Polenberg*
Andrew Polenberg, Esq.
Florida Bar No. 117557
Jon Polenberg, Esq.
Florida Bar No. 653306

ACTIVE: G25580/389009/10798660_1_APOLENBERG